UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| WILLARD PURVIS,<br><br>        Petitioner,<br><br>        vs.<br><br>BROWN, Superintendent,<br><br>        Respondent. | No. 1:14-cv-01414-TWP-MJD |

**Entry Dismissing Action and Directing Entry of Final Judgment**

This matter is before the Court on a Petition for Writ of Habeas Corpus (Dkt. No. 1) filed by Petitioner Willard Purvis ("Mr. Purvis"). Mr. Purvis filed this habeas action to vindicate his belief that a prison disciplinary proceeding identified as No. WVS 14-05-0009 charge is tainted with constitutional infirmities. As explained below, however, Mr. Purvis has failed to establish such infirmities and his petition for writ of habeas corpus is therefore **DENIED**.

**I.**

"A necessary predicate for the granting of federal habeas relief [to a petitioner] is a determination by the federal court that [his or her] custody violates the Constitution, laws, or treaties of the United States." *Rose v. Hodges,* 423 U.S. 19, 21 (1975). In a setting such as presented by Purvis, due process requires that certain procedural safeguards be observed and that the decision be support by a minimum quantity of evidence.

> Due process requires that prisoners in disciplinary proceedings be given: "(1) advance (at least 24 hours before hearing) written notice of the claimed violation; (2) the opportunity to be heard before an impartial decision maker; (3) the opportunity to call witnesses and present documentary evidence (when consistent

with institutional safety); and (4) a written statement by the fact-finder of the evidence relied on and the reasons for the disciplinary action." *Rasheed–Bey v. Duckworth,* 969 F.2d 357, 361 (7th Cir. 1992); *see also Wolff v. McDonnell,* 418 U.S. 539, 94 S. Ct. 2963, 41 L.Ed.2d 935 (1974).

*Scruggs v. Jordan,* 485 F.3d 934, 939 (7th Cir. 2007). In addition, there is a substantive component to the issue, which requires that the decision of a conduct board be supported by "some evidence." *Superintendent v. Hill,* 472 U.S. 445, 105 S. Ct. 2768, 86 L.Ed.2d 356 (1985).

The pleadings and the expanded record in this case show that Mr. Purvis is an Indiana prisoner, that on May 19, 2004, that he was charged with have assaulted a correctional officer by having thrown a liquid from a cup at the reporting officer during the midmorning of that day, that the liquid struck the officer's arm, that he received a copy of the written charge and was notified of his procedural rights in the matter on May 21, 2004, that a hearing was held on May 29, 2014, that Mr. Purvis was present at the hearing and made a statement concerning the charge, that the hearing officer considered the statement made by Mr. Purvis and the other evidence, and that the hearing officer found Mr. Purvis guilty of the charged misconduct (assault) and imposed sanctions, including the loss of earned good time. The expanded record shows that the evidence was sufficient based solely on the clear first-hand account of the reporting officer, *see Henderson v. United States Parole Comm'n,* 13 F.3d 1073, 1077 (7th Cir. 1993) (a federal habeas court "will overturn the [hearing officer's] decision only if no reasonable adjudicator could have found [the petitioner] guilty of the offense on the basis of the evidence presented."), and that the procedural protections required by *Hill* were provided. This means that (1) Mr. Purvis was given the opportunity to appear before the hearing officer and make a statement concerning the charge, (2) the hearing officer and reviewing authority issued sufficient statements of their findings, and (3) the hearing officer issued a written reason for his decision and for the sanctions which were imposed.

Mr. Purvis' contentions otherwise are unavailing:

- The fact that Mr. Purvis does not agree with the outcome of the disciplinary proceeding is not sufficient to support his claim of retaliation, and even the unremitting tension between guards and inmates in the tightly controlled environment of a prison falls short. *Wolff,* 418 U.S. at 562 and 571 (explaining that a conduct board (or hearing officer) that follows established procedures, whose discretion is circumscribed by regulations, and which adheres to *Wolff's* procedural requirements, does not pose a hazard of arbitrariness violative of due process); *Brown v. Carpenter,* 889 F.Supp. 1028, 1034 (W.D.Tenn.1995)("Plaintiff has no right protecting him from being charged with a disciplinary offense . . . . A plaintiff cannot bootstrap a frivolous complaint with a conclusory allegation of retaliation.").

- Mr. Purvis claims that he was denied evidence, but the expanded record shows otherwise and shows even that although he was not permitted to watch the security video he was permitted to read a summary of what was depicted there. It has also been noted herein that the due process "some evidence" standard established by *Hill* has been met. This standard is lenient, "requiring only that the decision not be arbitrary or without support in the record." *McPherson v. McBride,* 188 F.3d 784, 786 (7th Cir. 1999). A conduct report alone may suffice as "some evidence." *Id.*

- A "sufficiently impartial" decision maker is necessary in order to shield the prisoner from the arbitrary deprivation of his liberties. *Gaither v. Anderson,* 236 F.3d 817, 820 (7th Cir. 2000) (per curiam). Mr. Purvis also claims that the hearing officer was not impartial. In doing so, however, he merely invites the court to adopt this *post hoc* rationalization. On the contrary, federal courts employ an initial presumption that disciple hearing officers properly discharge their duties. *See Bracy v. Gramley,* 520 U.S. 899, 909 (1997); *Piggie v. Cotton,* 342 F.3d 660, 666 (7th Cir. 2003) ("Adjudicators are entitled to a presumption of honesty and integrity."). This presumption can be overcome with "clear evidence to the contrary." *See United States v. Armstrong,* 517 U.S. 456, 464 (1996). Mr. Purvis, who has not replied to the return to show cause, has not met this burden. As noted above, providing constitutionally adequate procedural protections overcomes the hazard of arbitrariness which would otherwise violate due process.

- Mr. Purvis also contends that his administrative appeal was not timely decided. An administrative appeal, however, is not among the procedural guarantees of *Wolff* and its progeny, much less that such an appeal be acted on within a particular timeframe. It is sufficient to note here that the administrative appeal was decided on July 2, 2004 and has not prevented the habeas challenge from going forward. The most which could be made of this claim is that it did not comport with some requirement of prison policy or state directive. Such matters do not, however, support claims which are even cognizable under § 2254(a) because a viable habeas claim pursuant to § 2254(a) necessarily precludes a claim which is not based on alleged noncompliance with federal law. *Wilson v. Corcoran,* 131 S. Ct. 13, 16 (2010); *Perruquet v. Briley,* 390 F.3d 505, 511 (7th Cir. 2004) ("To say that a petitioner's claim is not cognizable on habeas review is thus another way of saying

that his claim 'presents no federal issue at all.'")(quoting *Bates v. McCaughtry,* 934 F.2d 99, 101 (7th Cir. 1991)).

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceeding, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Mr. Purvis to the relief he seeks. The expanded record refutes Mr. Purvis' arguments that he was denied the protections afforded by *Wolff* and *Hill*. Accordingly, his petition for writ of habeas corpus must be denied.

## II.

Judgment consistent with this Entry shall now issue.

IT IS SO ORDERED.

Date: 3/6/2015

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

Electronically Registered Counsel

WILLARD PURVIS
985367
Wabash Valley Correctional Facility
Electronic Filing Participant – Court Only